NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1083

BAYER AG and BAYER CORPORATION,

Plaintiffs-Appellees,

v.

HOUSEY PHARMACEUTICALS, INC.,

Defendant-Appellant.

_____

DECIDED:  August 4, 2006

_____

Before RADER, SCHALL, and BRYSON, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the District of Delaware found U.S. Patent Nos. 4,980,281 (the '281 patent), 5,266,464 (the '464 patent), 5,688,655 (the '655 patent), and 5,877,007 (the '007 patent) unenforceable due to the inequitable conduct of Dr. Gerard M. Housey, the named inventor on all four patents.  Bayer AG v. Housey Pharm., Inc., 386 F. Supp. 2d. 578, 582 (D. Del. 2005) (Bayer III).  Because the district court did not err in its inequitable conduct analysis, this court affirms.

I.

This appeal is the second time Housey Pharmaceuticals has asked this court to reverse the district court's inequitable conduct determination.  After the district court's earlier decision, Bayer AG v. Housey Pharm., Inc., Civ. No. 01-148-SLR, 2003 WL

22953187, 2003 U.S. Dist. LEXIS 22411 (D. Del. Dec. 4, 2003) (Bayer I), this court vacated and remanded to give the district court an opportunity to provide additional support for its decision. Bayer AG v. Housey Pharm., Inc., 128 Fed. Appx. 767 (Fed. Cir. 2005) (non-precedential) (Bayer II). In so doing, this court explained:

> [U]pon review of the district court's reasons for finding inequitable conduct, this court holds that the reasons given by the district court for finding Dr. Housey's testimony not credible were insufficient to support the court's conclusion. The district court based its conclusion on findings that Dr. Housey actively concealed work from his colleagues, failed to provide clear acknowledgement of his colleagues' contributions, and knowingly withheld material prior art. [Bayer I, 2003 WL 22953187,] at *15, 2003 U.S. Dist. LEXIS 22411, at *47. The record does not supply adequate support for these findings. As a result, this court vacates and remands for the district court to present additional bases for its credibility determination.
>
> The purpose of the remand is not to open the record for further evidence or to allow further argument by the parties. Here, if one is to believe Housey, then the grounds asserted by Bayer for material misrepresentation by Housey to the PTO, with the requisite intent to deceive, dissolve. The reasons stated by the district court for its disbelief of Housey do not alone support this result. From the somewhat cursory explanation of its reasons by the district court, this court is unable to discern whether the district court fully elaborated its grounds for finding Housey incredible. The purpose of the remand is simply to permit the district court to provide any further reason it may have to find Housey incredible.

Id. at 770-71.

On remand, the district court again ruled that Dr. Housey had commited inequitable conduct, but provided further reasoning in support of that decision. Regarding the lack of data for Dr. Housey's "soft agar" experiment (the Table 3 experiment), the district court acknowledged that while the lack of data itself is not evidence of inequitable conduct, Dr. Housey was not forthcoming about that data.

06-1083                                    2

Bayer III, 386 F. Supp. 2d at 580.  The district court explained further the contradictions between Dr. Housey's testimony at trial and his pretrial deposition testimony.  Id.

With respect to the existence of 24-well plates in the laboratory, the district court acknowledged the existence of multi-well plates, but emphasized the lack of evidence of 24-well plates specifically.  Id.  Regarding the number of incubators used in the laboratory, the district court emphasized that whatever that number may be, several experiments shared "incubator space," yet none of Dr. Housey's colleagues remember any experiment conducted in that shared space matching Dr. Housey's description of the soft agar experiment.  Id.

Thus, the district court concluded: "I continue to believe that the clear and convincing evidence of record supports my conclusion that Dr. Housey is not credible and that he committed inequitable conduct before the PTO by presenting fabricated experimental results that were material to the issuance of the patents in suit."  Id. at 582.  Housey once again appeals the decision of the district court.

## II.

"[I]nequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive."  Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995).  These elements must be shown with clear and convincing evidence. Id. This court reviews a determination of inequitable conduct for abuse of discretion and reviews the underlying factual issues of materiality and intent for clear error.  Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F.3d 1226, 1234 (Fed. Cir. 2003).

In Bayer I, the district court made a number of errors including the perceived nexus between secrecy and inequitable conduct. The trial court also placed inappropriate weight on findings regarding the lack of multi-well plates and the number of incubators in the shared laboratory space. Because every stated basis for the district court's inequitable conduct determination contained some measure of error, this court vacated the district court's judgment of unenforceability. Nonetheless, this court did not reverse that judgment. Now, as then, this court's role is not to weigh the evidence of inequitable conduct itself, or to assess the credibility of witnesses. See LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc., 275 F.3d 1347, 1361 (Fed. Cir. 2001) ("[T]he district court's determination on intent in this case depends heavily on the assessment of witness testimony at trial. This court may not reassess, and indeed is incapable of reassessing, witness credibility and motive issues on review.").

The district court's decision in Bayer III does not contain the errors of its earlier decision. Instead, the district court emphasized the role of Dr. Housey's credibility in the district court's judgment. Moreover the trial court provided additional reasons for its conclusion that Dr. Housey's credibility was lacking. Following our earlier remand, the district court complied exactly with this court's instruction: it provided further reasons supporting its credibility findings about Dr. Housey. See Housey II, 128 Fed. Appx. at 767. Nevertheless, Housey raises a number of specific challenges to the district court's Housey III decision.

Housey first argues that evidence of Dr. Housey's use of a calculator, his typed invention reports, and the specificity of his data all constitute specific evidence that he performed the Table 3 experiment. Contrary to Housey's arguments, the presence of a

06-1083                                                    4

calculator does not prove its use in any particular experiment. Likewise, his typed invention reports and the specificity of data are no more evidence that the experiment was performed than is Table 3 itself. The issue confronted by the district court was not the existence of the Table 3 data, but whether Dr. Housey actually performed the experiment that purportedly produced the Table 3 data.

Housey points to a declaration submitted by Dr. Housey indicating that he replicated the Table 3 experiment in 2004 and confirmed that the numbers reported in Table 3 were consistent with his assertions that he had actually performed the experiment. He argues that the numbers in Table 3 could not have been predicted in advance and that their correctness is nearly conclusive evidence that he actually performed the soft agar experiment.

The main problem with this argument is that Dr. Housey provides no evidence to substantiate his claim that the numbers in Table 3 could not have been predicted in advance. Moreover, as the district court noted, Dr. Weinstein testified that he believed that Dr. Housey had invented the numbers in Table 3. Finally, the declaration that Dr. Housey submitted purporting to confirm the validity of the data in Table 3 suffers from the same flaws as the table itself: there is no raw data or detail provided; the declaration consists only of Dr. Housey's statement that he performed the experiment and obtained the claimed results.

Housey further takes issue with the district court's identified inconsistency in Dr. Housey's testimony. This court does not accept Housey's position that Dr. Housey limited his earlier deposition testimony to the existence of calculator records. Instead, the record fully supports the district court's conclusion that Dr. Housey's trial testimony,

i.e., that he intentionally did not create any records of the Table 3 experiment, <u>Bayer III</u>, 386 F. Supp. 2d at 580, was inconsistent with his earlier deposition testimony that the underlying data for the Table 3 experiments were somewhere in the information produced during discovery. <u>Id.</u> Later, of course, that underlying data did not appear in the boxes produced during discovery.

Finally, Housey points to information suggesting that 24-well plates may have been used in the laboratory at times other than when Dr. Housey claims to have conducted the Table 3 experiment. For example, Housey notes Dr. Ueffing's use of 24-well plates. Dr. Ueffing, however, did not arrive at the laboratory until after Dr. Housey claims to have conducted the Table 3 experiment. According to Housey, Dr. Ueffing testified both that he unsuccessfully attempted to use 24-well plates, and that he recalled only seeing single-well plates in the laboratory. Although Housey urges this court to draw a number of inferences from that testimony, none establishes that the district court committed clear error.

While this court has identified deficiencies in Housey's individual arguments, Housey faces a more serious challenge: in order to prevail, it must establish that the district court lacked a sufficient basis for finding that Dr. Housey lacked credibility. Thus, even if, for example, the district court erred regarding the existence of 24-well plates, that error alone would not require reversal. When this court vacated <u>Bayer I</u>, it did so because all the bases for the district court's determination were erroneous. <u>See</u> <u>Bayer II</u>, 128 Fed. Appx. at 767. Before this court for the second time, Housey has fallen well short of establishing that the district court's credibility determination amounted to clear error.

Finally, the district court explained: "As the finder of fact who sat through the bench trial, I was required to, and did, make subjective credibility determinations about the witnesses who testified, including Dr. Housey." Bayer III, 386 F. Supp. 2d at 580. Implicit in that reference to "subjective credibility determinations" is the district court's observations during trial of the witnesses' demeanor. Unable to review demeanor, this court has very good reason to defer with respect to credibility determinations. See Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1171 (Fed. Cir. 2006) ("[D]eference is appropriately accorded to assessments of witness credibility because 'only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'") (quoting Anderson v. Bessemer City, 470 U.S. 564, 575 (1985)). In this case, demeanor no doubt played a role in the district court's credibility determinations, which were otherwise well-supported.

In addition, the district court credited the testimony of Dr. Housey's former laboratory colleagues, who testified that they did not see Dr. Housey perform the "soft agar" experiment and that they did not believe he could have done so without their knowledge. The district court was entitled to credit this evidence which, taken with the court's other reasons for disbelieving Dr. Housey's contrary testimony, supports the court's finding of inequitable conduct.